IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SAMUEL C. ROARK,

             Plaintiff,

vs.                               Case No. 21-3075-SAC

DONALD ASH, et. al.,

             Defendants.

## O R D E R

Plaintiff, <u>pro se</u>, has filed this action alleging violations of his constitutional rights in relation to his incarceration at the Andrew County Jail in Missouri.  Plaintiff brings this case pursuant to 42 U.S.C. § 1983.[1]  This case is before the court for the purposes of screening pursuant to 28 U.S.C. § 1915A.

## I. Screening standards

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted.  A court liberally construes a <u>pro se</u> complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  <u>Erickson v.</u>

---

[1] Title 42 United States Code Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

Pardus, 551 U.S. 89, 94 (2007).  But, a pro se litigant is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff.  United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009).  The court may also consider the exhibits attached to the complaint.  Id. The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim.

Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

A viable § 1983 claim must establish that each defendant caused a violation of plaintiff's constitutional rights. Walker v. Mohiuddin, 947 F.3d 1244, 1249 (10th Cir. 2020)(quoting Pahls v. Thomas, 718 F.3d 1210, 1228 (10th Cir. 2013)).

> Plaintiffs must do more than show that their rights were violated or that defendants, as a collective and undifferentiated whole, were responsible for those violations. They must identify specific actions taken by particular defendants, or specific policies over which particular defendants possessed supervisory responsibility…

Id. at 1249-50 (quoting Pahls); see also, Robbins v. State of Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)("a complaint must make clear exactly who is alleged to have done what to whom").

II. Plaintiff's complaint

Plaintiff alleges that he is a pretrial detainee of Wyandotte County, Kansas. The address plaintiff has listed with the court is the Wyandotte County Adult Detention Center (WCADC). Plaintiff alleges, however, that in January 2020, he had been "farmed out" to the Andrew County Jail in Missouri and, while there, he was the victim of battery, cruel and unusual punishment, and the denial of medical care. More specifically, plaintiff claims that one night in January 2020, he and a cellmate were moved from their cell in handcuffs that were too tight, placed in individual cells, and denied bedding and basic hygiene items. It is further alleged

that later a jailer pepper-sprayed plaintiff in his cell without good cause and that plaintiff was denied medical care to address his injuries from the pepper spray.

Plaintiff names the Wyandotte County Sheriff, Donald Ash, and a Wyandotte County Jail Superintendent, Sara Toms, as defendants. Plaintiff also names six officers connected with the Andrew County Jail as defendants.  The court shall refer to these officers as the "Missouri defendants."

III.  The complaint fails to state a cause of action against defendants Ash and Toms.

Defendant Ash is described in the complaint as responsible for the overall operation of WCADC and inmates housed within the jail's "jurisdiction," including those farmed out to other facilities.  Defendant Toms is identified in the complaint as in control of classification and housing, placement, and farming out detainees from WCADC to other county jails.

A supervisory relationship alone is insufficient to establish liability under § 1983.  Poolaw v. Marcantel, 565 F.3d 721, 732 (10th Cir. 2009). To properly allege the liability of Ash and Toms, plaintiff must describe an affirmative link between them and the alleged constitutional violation.  Dodds v. Richardson, 614 F.3d 1185, 1195 (10th Cir. 2010).  This requires allegations of:  a) personal involvement in the violation; b) a sufficient causal connection between the supervisor's involvement and the

4

constitutional violation; and c) a culpable state of mind.  Id.
"Personal involvement" can be alleged by stating that:  1) the
supervisor personally participated in the alleged violation; 2)
the supervisor exercised control or direction over the alleged
illegal acts, or the supervisor's failure to supervise caused the
alleged illegal acts; 3) the supervisor knew of the violation and
acquiesced in its continuance; or 4) the supervisor promulgated,
created, implemented or utilized a policy that caused the alleged
deprivation of constitutional rights.  Id. at 1195-96.  A "causal
connection" is alleged by claiming that a supervisor defendant set
in motion a series of events that the defendant knew or reasonably
should have known would cause others to deprive a plaintiff of his
or her constitutional rights.

Here, the complaint fails to state facts showing that Ash or
Toms was personally involved in the alleged constitutional
violations or that they caused the violations or that their actions
or omissions were motivated by a culpable state of mind.
Therefore, the court finds that plaintiff's claims against Ash and
Toms are subject to dismissal for failure to state a claim.

IV.  The court lacks personal jurisdiction over the Missouri
defendants.

A plaintiff bears the burden of establishing that the court
has personal jurisdiction over the defendants named in the

complaint.  Shrader v. Biddinger, 633 F.3d 1235, 1239 (10th Cir.
2011).  This requires factual allegations which support a claim
that each defendant has sufficient "minimum contacts" with the
State of Kansas such that having to defend a lawsuit here would
not offend the traditional notions of fair play and substantial
justice.  Id.  Such contacts may arise generally from an out-of-
state defendant's "continuous and systematic" contacts with the
forum state or they may arise when an out-of-state defendant
specifically and purposefully directs activities at the forum
state and plaintiff's injuries are caused by those activities.
Id.

    Plaintiff alleges no facts suggesting that any Missouri
defendant has "continuous and systematic" contacts with Kansas or
that plaintiff's injuries were caused by a Missouri defendant's
specific and purposeful actions in Kansas or directed at Kansas.
Therefore, it appears that plaintiff's claims against the Missouri
defendants are subject to dismissal without prejudice for lack of
personal jurisdiction.

V. Conclusion

    In conclusion, the court finds that plaintiff's claims
against defendants Ash and Toms are subject to dismissal for
failure to state a claim and that plaintiff's claims against the
Missouri defendants are subject to dismissal without prejudice for
lack of personal jurisdiction.  Therefore, the court directs that

6

plaintiff shall have time until June 30, 2021 to either show cause why this case should not be dismissed or file an amended complaint which corrects the deficiencies found in the original complaint. An amended complaint should be printed on forms supplied by the Clerk of the Court which may be supplemented.  Failure to respond to this order may result in the dismissal of this case.

**IT IS SO ORDERED.**

Dated this 2nd day of June 2021, at Topeka, Kansas.


s/Sam A. Crow_____
U.S. District Senior Judge